UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY GREEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRINITY COURIERS, INC. and TRINITY COURIERS OF HOUSTON, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | No._____ <br><br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ashley Green (referred to as "Plaintiff" or "Green") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendants Trinity Couriers, Inc. and Trinity Couriers of Houston, Inc. (referred to as "Defendants" or "Trinity Couriers"). In support thereof, she would respectfully show the Court as follows:

### I. Nature of Suit

1. Green's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency

and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3.  Trinity Couriers violated the FLSA by employing Green and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.  Trinity Couriers violated the FLSA by failing to maintain accurate time and pay records for Green and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.  Green brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.  Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Green's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8. Green is an individual who resides in Houston, Texas and who was employed by Trinity during the last three years.

9. Trinity Couriers, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Trinity Couriers, Inc. cannot with reasonable diligence be found at the company's registered office, Trinity Couriers, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Trinity Couriers of Houston, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Trinity Couriers of Houston, Inc. cannot with reasonable diligence be found at the company's registered office, Trinity Couriers of Houston, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

11. Whenever it is alleged that Trinity Couriers committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Trinity Couriers or was done in the routine and normal course and scope

of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

11.   Trinity Couriers is courier service; it does business in the territorial jurisdiction of this Court.

12.   Trinity Couriers employed Green as a courier from March 2017 to the present.

13.   During Green's employment with Trinity Couriers, she was engaged in commerce or the production of goods for commerce.

14.   During Green's employment with Trinity Couriers, the company had employees engaged in commerce or in the production of goods for commerce.

15.   During Green's employment with Trinity Couriers, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16.   During Green's employment with Trinity Couriers, the company had an annual gross volume of sales made or business done of at least $500,000.

17.   Trinity Couriers paid (and currently pays) Green on a day-rate basis.

18.   During Green's employment with Trinity Couriers, she regularly worked (and currently works) in excess of forty hours per week.

19.   Trinity Couriers knew or reasonably should have known that Green worked (and currently works) in excess of forty hours per week.

20. Trinity Couriers did not pay Green overtime "at a rate not less than one and one-half times the regular rate at which she [was] employed." 29 U.S.C. § 207(a)(1).

21. Instead, Trinity Couriers paid (and continues to pay) Green a flat sum for each day's work regardless of the number of hours she worked (and continues to work) in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

22. In other words, Trinity Couriers paid Green for her overtime at a rate less than one and one-half times the regular rate at which she was employed in violation of the FLSA.

23. Trinity Couriers knew or reasonably should have known that Green was not exempt from the overtime provisions of the FLSA.

24. Trinity Couriers failed to maintain accurate time and pay records for Green as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

25. Trinity Couriers knew or showed a reckless disregard for whether its pay practices violated the FLSA.

26. Trinity Couriers is liable to Green for her unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

27. All couriers employed by Trinity Couriers are similarly situated to Green because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their

unpaid overtime wages, liquidated damages and attorneys' fees and costs from Trinity Couriers pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

28. Green adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

29. During Green's employment with Trinity Couriers, she was a nonexempt employee.

30. As a nonexempt employee, Trinity Couriers was legally obligated to pay Green "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

31. Trinity Couriers did not pay Green overtime "at a rate not less than one and one-half times the regular rate at which she [was] employed." 29 U.S.C. § 207(a)(1).

32. Instead, Trinity Couriers paid Green a flat sum for each day's work regardless of the number of hours she worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

33. In other words, Trinity Couriers paid Green for her overtime at a rate less than one and one-half times the regular rate at which she was employed in violation of the FLSA.

34. If Trinity Couriers classified Green as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

35. Trinity Couriers knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Trinity Couriers willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

36. Green adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

38. In addition to the pay violations of the FLSA described above, Trinity Couriers also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

39. Green adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

40. On information and belief, other employees have been victimized by Trinity Couriers' violations of the FLSA identified above.

41. These employees are similarly situated to Green because, during the relevant time period, they held similar positions, were compensated in a similar

manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

42. Trinity Couriers' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

43. Since, on information and belief, Green's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

44. All employees of Trinity Couriers, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All couriers employed by Trinity Couriers during the last three years.

45. Trinity Couriers is liable to Green and the other couriers for the difference between what it actually paid them and what it was legally obligated to pay them.

46. Because Trinity Couriers knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Green and the other couriers their unpaid overtime wages for at least the last three years.

47.     Trinity Couriers is liable to Green and the other couriers in an amount equal to their unpaid overtime wages as liquidated damages.

48.     Trinity Couriers is liable to Green and the other couriers for their reasonable attorneys' fees and costs.

49.     Green has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VIII.  Jury Demand

50.     Green demands a trial by jury.

## IX.  Prayer

51.     Green prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Green and the other couriers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. prejudgment interest at the applicable rate;

    d. postjudgment interest at the applicable rate;

    e. incentive awards for any class representative(s); and

    f. all such other and further relief to which Green and the other couriers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Bridget Davidson
Federal Id. No. 3001005
State Bar No. 24096858
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF ASHLEY GREEN**